**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| JAMES HARRY HEBERT BORDAGES, JR., | ) ) ) | |
| Plaintiff, | ) ) | No. 2:25-cv-02653-TLP-cgc |
| v. | ) ) | |
| FEDERAL AND MILITARY OFFICIALS IN PERSONAL OR OFFICIAL CAPACITY, | ) ) ) | |
| Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS
COMPLAINT AND DISMISSING AMENDED COMPLAINT**

Pro se Plaintiff James Harry Hebert Bordages, Jr., sued unidentified "Federal and Military Officials" in June 2025, alleging unspecified constitutional violations.  (*See* ECF No. 2.) Under Administrative Order No. 2013-05, this Court referred the case to Magistrate Judge Charmiane G. Claxton to manage all pretrial matters.  Judge Claxton issued a Report and Recommendation ("R&R") in July 2025 recommending that the Court dismiss the Complaint. (ECF No. 9.)  Her R&R notified both parties that they had 14 days to object to the R&R.  In response, Bordages amended his Complaint.  (ECF No. 11.)

In the R&R, Judge Claxton recommends dismissing Plaintiff's Complaint for failure to state a claim because "[p]laintiff does not state specifically what any defendant is alleged to have done which requires that relief be granted to him under any legal theory."  (ECF No. 9.)  For the reasons below, this Court **ADOPTS** the R&R.  The Court also **DISMISSES** the Amended

Complaint because it repackages frivolous claims that this Court has dismissed many times already.

## BACKGROUND AND THE R&R

Plaintiff sued here in June 2025.  (ECF No. 2.)  He also moved for leave to proceed in forma pauperis and to appear in Court remotely.  (ECF Nos. 3, 8.)  Judge Claxton granted leave for Plaintiff to proceed in forma pauperis and entered the R&R recommending dismissal.  (ECF No. 9.)  Plaintiff responded by amending his Complaint without leave.  (ECF No. 11.)

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters.  28 U.S.C. § 636(b)(1)(A)–(B).  And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  If the parties do not object, the district court reviews the R&R for clear error.  Fed. R. Civ. P. 72(b) advisory committee notes.  And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

Objections must be "specific."  Fed. R. Civ. P. 72(b)(2); *see* 28 U.S.C. § 636(b)(1).  "Overly general objections do not satisfy the objection requirement."  *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Solomon v. Michigan Dep't of Corr.*, 478 F. App'x 318, 320 (6th Cir. 2012).  So when a plaintiff submits only vague, general, or conclusory objections, the district court may review the R&R for clear error, rather than de novo.  *See Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002); *see also*

2

*Carter v. Mitchell*, 829 F.3d 455, 472 (6th Cir. 2016) ("In general, 'the failure to file specific objections to a magistrate[] [judge's] report constitutes a waiver of those objections.'" (citation omitted)).

These limits on objections support judicial economy. *See Thomas v. Arn*, 474 U.S. 140, 147 (1985) ("The Sixth Circuit's decision to require the filing of objections is supported by sound considerations of judicial economy."). Raising specific objections enables district courts to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.*; *see Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (explaining that a "general objection to the entirety of a magistrate's report has the same effects as a failure to object" because it does not focus the district court's "attention . . . on any specific issues for review, thereby making the initial reference to the magistrate useless"); *see also Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[T]his Court has held that an objection preserves an issue when it 'explains and cites specific portions of the report which counsel deems problematic." (citation omitted)). With that in mind, the Court turns to Plaintiff's objections.

Generally, courts let plaintiffs amend their complaint before dismissing the case sua sponte. *See Brown v. Matauszak*, 415 Fed. Appx. 608, 615 (6th Cir. 2011) (unpublished). But a court may dismiss a claim when "it is patently obvious that the plaintiff could not prevail on the facts alleged." *Id.* (quoting *Wolf v. Petrock*, 382 Fed.Appx. 674 677 (10th Cir. 2010)). Thus the Court need not grant leave to amend when the amendment is futile and the deficiency cannot be cured, which is consistent "with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts." *Williams v. Dyersburg Police Dept.*, No. 18-1259-

JDT-CGC, 2019 WL 1895576, at *2 (W.D. Tenn. Apr. 29, 2019) (quoting *Curley v.* Perry, 246 F.3d 1278, 1284 (10th Cir. 2001)).

Judge Claxton entered her R&R on July 15, 2025.  Bordages filed an Amended Complaint, without leave, on July 29, 2025.  Because the Amended Complaint is futile and Bordages offers no meaningful objections, the Court reviews the R&R for clear error.[1]

## **DISPOSITION**

Having reviewed the record, the Court finds no clear error in Judge Claxton's R&R.  In fact, the Court agrees with her analysis.

As Judge Claxton correctly notes, the Complaint "contains no factual allegations," and it is "composed of conclusory statements, statute and case citations[,] and a request for judicial action."  (ECF No. 9 at PageID 36.)  Further, "[a] court cannot create a claim which [a plaintiff] has not spelled out in [his] pleading," and "district judges have no obligation to act as counsel or paralegal to *pro se* litigants."  *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011); *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants.  Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."), *cert. denied*, 565 U.S. 966 (2011).  The Complaint here fails to "state specifically what any defendant is alleged to have done which requires that relief be granted  . . . under any legal

---

[1] Bordages "objects to the [C]ourt's report and recommendation in its entirety."  (ECF No. 11 at PageID 44.)

theory." (ECF No. 9 at PageID 38.)  Thus the Complaint fails to state a claim for which relief can be granted and is frivolous.  The Court therefore finds that the Complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(6) or 12(b)(1).

To remedy this obvious deficiency, Bordages tries to amend his Complaint without leave. But this is futile too because Bordages's Amended Complaint does nothing more than repackage his frivolous allegations that this Court has dismissed many times.  In fact, Judge Christoff provides helpful background information about Bordages previous and pending cases in an R&R in *Bordages v. WMC-TV, et al.*

> Bordages is no stranger to litigation in the Western District of Tennessee. On January 27, 2012, he filed a complaint against Sports Clips, Inc. (Case No. 2:12-cv-02060-JDT-dkv, "Bordages I"), and on October 28, 2015, he filed a complaint against numerous governmental and private entities, including Sports Clips (Case No. 2:15-cv-02708-STA-atc, "Bordages II"). Both *Bordages I* and *Bordages II* involved his allegations that some combination of Sports Clips, various federal and state governmental agencies, healthcare providers, and media companies "conspired to plant a chip in Bordages's scalp during a routine haircut" in April 2010 to remotely surveille and conduct experiments on him.  Both *Bordages I* and *Bordages II* were dismissed for lack of subject matter jurisdiction as frivolous. Since those dismissals, Bordages has filed a dozen other cases in the Western District of Tennessee—including this case—some of which have been dismissed as frivolous, and some of which remain pending.

(No. 2:25-cv-02615-TLP-atc, (W.D. Tenn.), ECF No. 19 at PageID 79.)  The Amended Complaint is another example of Bordages's long history of wasting this Court's time and resources.  And while the Court does not doubt that he genuinely believes his allegations and that he has been harmed, it must once again dismiss his claims as baseless, vague, and frivolous.

Having found no clear error, the Court therefore **ADOPTS** the R&R's recommendation.

## CONCLUSION

The Court has reviewed Judge Claxton's R&R and finds no clear error.  And so the Court

**ADOPTS** the R&R's recommendation.  Accordingly, the Court **DISMISSES** Plaintiff's Claims

**WITH PREJUDICE**.  The Court also **CERTIFIES** that any appeal by Plaintiff would not be

taken in good faith and that Plaintiff may not proceed on appeal in forma pauperis.

**SO ORDERED**, this 23rd day of March, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE